IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

----

MARK and DIANE HUESTIS,            )
                                   )
            Plaintiffs,            )   2:09-cv-01739-GEB-DAD
                                   )
      v.                           )   ORDER
                                   )
INDYMAC FEDERAL BANK; INDYMAC BANK,)
F.S.B., a Federal Chartered Savings)
Bank; QUALITY LOAN SERVICE         )
CORPORATION; MORTGAGE ELECTRONIC   )
REGISTRATION SYSTEMS, INC.;        )
ABSOLUTE LOANS, INC.; KEVIN DANIEL )
MCGILL; GARY HUNTER KNISELY, and   )
DOES 1-20, inclusive,              )
                                   )
            Defendants.            )
_____)

The status conference scheduled for December 14, 2009 is continued to March 15, 2010 at 9:00 a.m.  This continuance is because Plaintiffs state they recently served Absolute Loans, Inc. and as explained below, Plaintiffs are given more time to serve Defendant Gary Hunter Knisely.

On November 12, 2009 an order was issued stating that Defendant Knisely "will be dismissed as [a] defendant[] in this action under Federal Rule of Civil Procedure 4(m) unless Plaintiffs provide proof of service and/or 'show good cause for the failure' to serve th[is] Defendant[] within Rule 4(m)'s prescribed service period, in a filing due no later than 4:00 p.m. on November 18, 2009."  Plaintiffs filed a

1  response to the Rule 4(m) Notice on November 18, 2009, in which
2  Plaintiffs make the following conclusory statements:

> Numerous attempts have been made to serve . . . Knisely. [T]he addresses for Knisely are no longer good. However, research is being done through Lexis Nexis and other sources to locate new addresses for service, specifically in light of the possibility that Defendant Knisely may have relocated to Arizona.

(Pls' Response 2:15-19.)

Plaintiffs also filed a motion on November 18, 2009, in which they seek an order "grant[ing] them an additional 90 days to obtain the current address of Defendant[] Knisely."  Plaintiffs noticed the motion for hearing on January 25, 2010.  Plaintiffs assert in this motion they made numerous attempts to serve Knisely at two addresses, but they fail to state when they first attempted to serve him at either address, how they have made numerous attempts to serve him, and why they have been unable to locate him since this lawsuit commenced on June 23, 2009.  Since one of the referenced addresses is a post office box, it is assumed that most of the attempts were made at one address in California.  Plaintiffs also state they now have unsubstantiated information that Knisely may have relocated to Arizona.  Since it is unclear when Plaintiffs first began trying to serve Knisely, precisely what they did to try to serve him, and why it took them as long as it did to learn that Knisely is not at either address at which Plaintiffs attempted to serve him, Plaintiffs have not shown that good cause justifies the enlargement of the service period they seek.  Therefore, Plaintiffs' motion filed on November 18, 2009 is DENIED, and the January 25, 2010 hearing date is vacated.  However, this action will not be scheduled since Plaintiffs state Absolute Loans, Inc has just recently been served.  Even though good

cause has not been shown, Plaintiffs are granted until January 4, 2010 to serve Knisely, after which Knisely could be dismissed without further notice if no proof of service is filed on or before January 4, 2010.

Dated: December 8, 2009

GARLAND E. BURRELL, JR.
United States District Judge