IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARK HUESTIS and DIANE HUESTIS, )
                                )
          Plaintiffs,           )    2:09-cv-01739-GEB-DAD
                                )
     v.                         )    ORDER GRANTING DEFENDANT'S
                                )    MOTION TO DISMISS*
INDYMAC FEDERAL BANK; HOME LOAN )
SERVICING; INDYMAC BANK, F.S.B.;)
QUALITY LOAN SERVICE CORP.;     )
MORTGAGE ELECTRONIC REGISTRATION)
SYSTEMS, INC.; ABSOLUTE LOANS,  )
INC.; KEVIN DANIEL MCGILL,      )
                                )
          Defendants.           )
_____)

          Defendant Mortgage Electronic Systems, Inc. ("MERS") filed a

motion to dismiss Plaintiffs' First Amended Complaint ("FAC") under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim

upon which relief can be granted, and under Federal Rule of Civil

Procedure 9(b) for Plaintiffs' failure to plead their fraud claim with

sufficient particularity.  Plaintiffs allege the following claims

against MERS concerning a mortgage loan on Plaintiffs' residential

property: (1) negligence; (2) fraud; (3) violation of California

Business and Professions Code section 17200 *et seq.*; and (4) wrongful

foreclosure.  MERS seeks dismissal of Plaintiffs' claims against it,

          *    This matter is deemed suitable for decision without oral
argument.  E.D. Cal. R. 230(g).

1

1 | arguing "the FAC is vague and ambiguous and raises no cognizable
2 | claims for relief above the speculative level."  (Mot. 6:3-4.)

3 | **I.  LEGAL STANDARD**

4 | A Rule 12(b)(6) motion "challenges a complaint's compliance
5 | with . . . pleading requirements."  <u>Champlaie v. BAC Home Loans</u>
6 | <u>Servicing, LP</u>, No. S-09-1316 LKK/DAD, 2009 WL 3429622, at *1 (E.D.
7 | Cal. Oct. 22, 2009).  A pleading must contain "a short and plain
8 | statement of the claim showing that the pleader is entitled to relief
9 | . . . ."  Fed. R. Civ. P. 8(a)(2).  The complaint must "give the
10 | defendant fair notice of what the [plaintiff's] claim is and the
11 | grounds upon which relief rests . . . ."  <u>Bell Atlantic Corp. v.</u>
12 | <u>Twombly</u>, 550 U.S. 544, 555 (2007).  Further, "[a] pleading that offers
13 | labels and conclusions or a formulaic recitation of the elements of a
14 | cause of action will not do.  Nor does a complaint suffice if it
15 | tenders naked assertions devoid of further factual enhancement."
16 | <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

17 | To avoid dismissal, the plaintiff must allege "only enough
18 | facts to state a claim to relief that is plausible on its face."
19 | <u>Twombly</u>, 550 U.S. at 547.  "A claim has facial plausibility when the
20 | plaintiff pleads factual content that allows the court to draw the
21 | reasonable inference that the defendant is liable for the misconduct
22 | alleged."  <u>Iqbal</u>, 129 S. Ct. at 1949.  Plausibility, however, requires
23 | more than "a sheer possibility that a defendant has acted unlawfully."
24 | <u>Id.</u>  "When a complaint pleads facts that are merely consistent with a
25 | defendant's liability, it stops short of the line between possibility
26 | and plausibility of entitlement to relief."  <u>Id.</u> (quotations and
27 | citation omitted).

28 |

1    In evaluating a dismissal motion under Rule 12(b)(6), the
2 court "accept[s] as true all facts alleged in the complaint, and
3 draw[s] all reasonable inferences in favor of the plaintiff." <u>Al-Kidd</u>
4 <u>v. Ashcroft</u>, 580 F.3d 949, 956 (9th Cir. 2009).  However, neither
5 conclusory statements nor legal conclusions are entitled to a
6 presumption of truth.  <u>See</u> <u>Iqbal</u>, 129 S. Ct. at 1949-50.

7    MERS requests that judicial notice be taken of five
8 documents related to Plaintiffs' mortgage loan which are publically
9 recorded in the Official Records of El Dorado County: (1) the Deed of
10 Trust recorded October 5, 2006; (2) the Notice of Default and Election
11 to Sell recorded February 23, 2009; (3) the Notice of Trustee's Sale
12 recorded June 2, 2009; (4) the Assignment of Deed of Trust recorded
13 April 9, 2009; and (5) the Trustee's Deed Upon Sale recorded June 24,
14 2009.  (Request for Judicial Notice ("RJN") Exs. 1-5.)  "[A]s a
15 general rule, a district court may not consider materials not
16 originally included in the pleadings in deciding a Rule 12 motion[,]
17 . . . [however,] it may take judicial notice of matters of public
18 record and may consider them without converting a Rule 12 motion into
19 one for summary judgment." <u>United States v. 14.02 Acres of Land</u>, 547
20 F.3d 943, 955 (9th Cir. 2008) (quotations and citations omitted).
21 Exhibits 1-5 are publically recorded and may be considered in deciding
22 MERS's dismissal motion.  <u>See</u> <u>Champlaie</u>, 2009 WL 3429622, at *4
23 (finding judicial notice of recorded Notice of Default, Notice of
24 Trustee's Sale, and Trustee's Deed Upon Sale proper).

25                        **I.  BACKGROUND**

26    Plaintiffs completed a mortgage loan on their "residential
27 property . . . located at 3704 Malachite Way, Rescue, County of El
28 Dorado, California" ("the Property") on or about September 27, 2006.

1 (FAC ¶¶ 8, 36.)  "The terms of the Loan were memorialized in a
2 promissory note, which was secured by a Deed of Trust on the
3 Property."  (FAC ¶ 37.)  "The Deed of Trust identified Fidelity
4 National Title Insurance Company as [t]rustee, and [] IndyMac Bank as
5 [the] [l]ender."  (Id.)  The Deed of Trust also identified MERS as the
6 beneficiary and nominee for the lender and the lender's successors and
7 assigns.  (Id. ¶ 38.)  Plaintiffs allege MERS is "engaged in the
8 business of holding title to mortgages."  (Id. ¶ 10.)

9       MERS executed an Assignment of Deed of Trust on January 29,
10 2009, in which it assigned and transferred to IndyMac Federal Bank
11 F.S.B. "all beneficial interest under . . . [the] Deed of Trust dated
12 9/27/2006 executed by [Plaintiffs] Mark Huestis and Diane G. Huestis
13 . . . ."  (RJN Ex. 4.)  The Assignment was recorded on April 9, 2009.
14 (Id.)

15                        III.   DISCUSSION
16 A.   Plaintiffs' Negligence Claim

17       MERS argues Plaintiffs' negligence claim should be dismissed
18 because "MERS does not owe a duty to Plaintiffs."  (Id. 7:7.)
19 Plaintiffs respond, "a general duty not to harm another is owed to
20 everyone."  (Opp'n 12:17.)

21       "The elements of a cause of action for negligence are: the
22 defendant had a duty to use due care, . . . he or she breached that
23 duty, and . . . the breach was the proximate or legal cause of the
24 [plaintiffs'] resulting injur[ies]."  Vasquez v. Residential Invs.,
25 Inc., 118 Cal. App. 4th 269, 278 (2004).  "[T]he threshold element of
26 a cause of action for negligence is the existence of a duty to use due
27 care toward an interest of another . . . .  Whether this essential
28 prerequisite has been satisfied in a particular case is a question of

4

law." <u>Glenn K. Jackson, Inc. v. Roe</u>, 273 F.3d 1192, 1196-97 (9th Cir. 2001) (quotations and citations omitted) (applying California law). "Under California law, 'as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money.'" <u>Bledea v. Indymac Federal Bank</u>, No. CIV S-09-1239 LKK/GGH, 2010 WL 715255, at *9 (E.D. Cal. Feb. 25, 2010) (citing and quoting  <u>Nymark v. Heart Fed. Savings & Loan Assn.</u>, 231 Cal. App. 3d 1089, 1096  (1991)). "Thus, for a lender . . . to owe a duty of care, the lender's activities must have exceeded those of a conventional lender or the activities must fit within some exception to the 'general' rule." <u>Id.</u> (citations omitted).

        Plaintiffs allege that "Defendants breached their duty of care to the Plaintiffs when they failed to maintain the original Mortgage Note, failed to properly create original documents, failed to make the required disclosures to Plaintiffs and instituted foreclosure proceedings wrongfully."  (FAC ¶ 83.)  Plaintiffs also allege Defendants "breached their duty of care . . . when they took payments to which they were not entitled, charged fees they were not entitled to charge, and made or otherwise authorized negative reporting of Plaintiffs' creditworthiness to various credit bureaus wrongfully." (FAC ¶ 84.)

        "[T]aking payments, charging fees, and reporting on creditworthiness are conventional activities for a lender." <u>Bledea</u>, 2010 WL 715255,*10.  These bare allegations do not show reason to depart from <u>Nymark</u>'s general rule and impose a negligence duty of care "with respect to these activities.  Even assuming, however, that such

a duty of care exists, plaintiffs' allegations do not indicate that any of these acts were a breach of said duty." Id.

Nor have Plaintiffs cited "authority for the proposition that MERS owed plaintiffs a duty to maintain documents [or] perform its administrative duties . . . . Absent such authority, a pleading of an assumption of duty by MERS, or a special relationship, plaintiff[s] cannot establish MERS owed a duty of care." Baisa v. Indymac Federal Bank, No. CIV 09-1464 WBS JMF, 2009 WL 3756682, at *3 (E.D. Cal. Nov. 6, 2009) (citations omitted).

Additionally, "the FAC does not indicate which of the alleged actions apply to MERS.  Defendant [MERS] should not be forced to guess how its conduct was allegedly negligent." Id. (citations omitted); see also Champlaie, 2009 WL 3429622, at *25 (dismissing negligence claim as to MERS supported by virtually identical allegations).  Therefore, Plaintiffs' negligence claim against MERS is deficient and is dismissed.

**B.    Plaintiffs' Fraud Claim**

MERS also seeks dismissal of Plaintiffs' fraud claim, arguing it is conclusory, does not differentiate between the named defendants, and fails to set forth required elements.  (Mot. 9:12-27.) Plaintiffs respond, they have sufficiently pled their fraud claim. (Opp'n 13:23-27.)

Under California law, the elements of fraud are: (1) misrepresentation (including, false representation, concealment, or nondisclosure); (2) knowledge of falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 12 Cal. 4th 631, 638 (1996).  However, a state fraud claim pled in federal court must satisfy Federal Rule of Civil

Procedure 9(b)'s "particularity" requirements.  <u>Vess v. Ciba-Geigy</u>
<u>Corp.</u>, 317 F.3d 1097, 1103 (9th Cir. 2003); <u>see also</u> Fed. R. Civ. P.
9(b) (requiring that "[i]n alleging fraud . . ., a party must state
with particularity the circumstances constituting fraud").  Therefore,
"[a]verments of fraud must be accompanied by 'the who, what, when,
where and how' of the misconduct charged."  <u>Vess</u>, 317 F.3d at 1106
(citation omitted).  Further, "[t]he plaintiff must set forth what is
false or misleading about a statement, and why it is false."  <u>Id.</u>
(citation omitted).  Lastly, "Rule 9(b) does not allow a complaint to
merely lump multiple defendants together but requires plaintiffs to
differentiate their allegations when suing more than one defendant and
inform each defendant separately of the allegations surrounding his
alleged participation in the fraud."  <u>Swartz v. KPMG LLP</u>, 476 F.3d
756, 764-65 (9th Cir. 2007) (quotations and citations omitted).

Plaintiffs allege "Defendants [] developed a scheme to
rapidly infuse capital into the home mortgage lending system" by
"pool[ing] mortgages into large trusts, securitizing the pool and
selling these securities on Wall Street as mortgage backed securities
. . . often for twenty or thirty times the original mortgage." (FAC ¶
19.)  However, "Plaintiff[s] ha[ve] not identified the role each
defendant played in this fraudulent scheme, when and where the scheme
occurred, or details on the specific misrepresentations involved in
the fraudulent scheme."  <u>Sipe v. Countrywide Bank</u>, -- F. Supp. 2d ---,
2010 WL 596322, at *13 (E.D. Cal. Feb. 16, 2010) (dismissing same
fraud claim as to MERS for failure to satisfy Rule 9(b)).

Plaintiffs also allege:

MERS misrepresented to Plaintiffs on the Deed of
Trust that it is a qualified beneficiary with the
ability to assign or transfer the Deed of Trust

1    and/or Note and/or substitute trustees under the
     Deed of Trust.  Further, Defendant MERS
2    misrepresented that it followed the applicable
     legal requirements to transfer the Note and Deed of
3    Trust to subsequent beneficiaries.

4

5    (FAC ¶ 109.)  Plaintiffs further allege these representations were

6    false, Defendants intended that Plaintiffs rely on these

7    misrepresentations, and that Plaintiffs reasonably relied on the

8    misrepresentations.  (FAC ¶¶ 111-114.)  However, "[m]issing from the

9    complaint are facts specifying the particular verbal or written

10   misrepresentations at issue, when they were made, where they were

11   made, and how or why there are false."  Sipe, 2010 WL 596322, at *14;

12   see also Morgera v. Countrywide Home Loans, Inc., No. 2:09-cv-01476-

13   MCE-GGH, 2010 WL 160348, at *6 (E.D. Cal. Jan. 11, 2010) (dismissing

14   same fraud claim as to MERS for failure to satisfy Rule 9(b)

15   requirements); Webb v. Indymac Bank Home Loan Servicing, No. CIV 2:09-

16   2380 WBS DAD, 2010 WL 121084, at *4 (E.D. Cal. Jan. 7, 2010) (same).

17        Further, Plaintiffs do not allege any resulting damages

18   caused by MERS's alleged fraudulent conduct.  "[T]he pleading must

19   show a cause and effect relationship between the fraud and damages

20   sought; otherwise no cause of action is stated."  Commonwealth Mortg.

21   Assurance Co. v. Superior Court, 211 Cal. App. 3d 508, 518 (1989).

22   Plaintiffs merely allege in a conclusory fashion that Plaintiffs were

23   "harmed and suffered damages" as a result of the fraud.  (FAC ¶ 115.)

24   "Absent facts to plausibly suggest a causal connection between the

25   alleged fraud and some damage to Plaintiff[s], the fraud claim is

26   insufficiently pled."  Sipe, 2010 WL 596322, at *14.  Therefore,

27   Plaintiffs' fraud claim is deficient and is dismissed.

28   //

8

C.    **Plaintiffs' UCL Claim**

MERS also seeks dismissal of Plaintiffs' claim under California Business and Professions Code section 17200 (the "UCL"), arguing Plaintiffs have failed to allege facts supporting this claim and that Plaintiffs have failed to identify a "pattern of behavior or course of conduct" within the meaning of the statute.  (Mot. 11:1-12:25.)  Plaintiffs counter that they have "alleged multiple violations . . . of specific statutory and common law provisions[,] . . . including claims for fraud and negligence[, which] are incorporated into Plaintiffs' UCL claim."  (Opp'n 18:2-6.)

"To bring a UCL claim, a plaintiff must show either an (1) unlawful, unfair or fraudulent business act or practice, or (2) unfair, deceptive, untrue or misleading advertising.  Because section 17200 is written in the disjunctive, it establishes three varieties of unfair competition - acts or practices which are unlawful, or unfair or fraudulent.  A practice is prohibited as unfair or deceptive even if not unlawful or vice versa." Lippitt v. Raymond James Fin. Servs. Inc., 340 F.3d 1033, 1043 (9th Cir. 2003) (quotations and citations omitted).  "[A]n action based on [Section 17200] to redress an unlawful business practice 'borrows' violations of other laws and treats these violations . . . as unlawful practices, independently actionable under section 17200 *et seq.* and subject to the distinct remedies provided thereunder." Farmers Ins. Exchange v. Superior Court, 2 Cal. 4th 377, 383 (1992) (quotations and citations omitted). "A plaintiff alleging unfair business practices under [the UCL] must state with reasonable particularity the facts supporting the statutory elements of the violation." Khoury v. Maly's of California, Inc., 14 Cal. App. 4th 612, 619 (1993).

9

1    Plaintiffs allege in their FAC that "Defendants' acts
2    . . . constitute unlawful, unfair, and/or fraudulent business
3    practices, as defined in the California Business and Professions Code
4    Section 17200." (FAC ¶ 120.)  Further, Plaintiffs allege that "[a]s a
5    result of Defendants' wrongful conduct, Plaintiffs have suffered
6    various damages and injuries . . . ." (<u>Id.</u> ¶ 121.)

7    Plaintiffs' UCL claim against MERS is vague and conclusory,
8    and does not differentiate between the conduct of MERS and the other
9    defendants.  The allegations, therefore, fail to state with reasonable
10   particularity the facts supporting this claim.  Therefore, this claim
11   is dismissed.

12   **D.   Plaintiffs' Wrongful Foreclosure Claim**

13   Lastly, MERS seeks dismissal of Plaintiffs' wrongful
14   foreclosure claim, arguing "MERS assigned its interest under the Deed
15   of trust . . . well before the foreclosure proceedings" and therefore
16   "played no role in the foreclosure proceedings." (Mot. 13:6-10.)
17   MERS also argues that under California Code of Civil Procedure section
18   725a and California Civil Code section 2924 possession of the note is
19   not required to institute a non-judicial foreclosure. (Mot. 14:5-
20   15:17.)  Plaintiffs respond, arguing possession of the note is a
21   prerequisite to initiating a foreclosure sale, that "MERS failed to
22   comply with statutory requirements pertaining to the transfer of the
23   Note and Deeds," and therefore "any foreclosure proceeding initiated
24   by the . . . [d]efendants would be illegal unless [] MERS . . . or any
25   other [d]efendant . . . can produce the Note . . . ." (Opp'n 22:4-
26   12.)

27   Plaintiffs allege in their FAC that "Defendants . . . were
28

10

not, and are not, in possession of the Note, are not beneficiaries,
assignees or employees of the person or entity in possession of the
Note, and are not otherwise entitled to payment." (FAC ¶ 140.)
Plaintiffs also allege "Defendants are not 'person[s] entitled to
enforce' the security interest on the Property, as that term is
defined in Commercial Code § 3301." (Id.)  Further, Plaintiffs allege
"Defendants also failed to properly record and give notice of the
Notice of Default . . . in violation of California Civil [C]ode §
2923.5." (Id. ¶ 142.)  Lastly, Plaintiffs allege that since
"Defendants" have received funds under the Troubled Asset Relief
Program ("TARP"), they are subject to the United States' Treasury
Department's guidelines for the Making Homes Affordable Program, and
were required to "suspend the foreclosure action to allow the
Plaintiffs to be considered for alternative foreclosure prevention
options." (Id. ¶ 148.)

        California Civil Code sections 2924 through 2941 govern non-
judicial foreclosures initiated under a deed of trust.  "California
courts have consistently held that the Civil Code provisions 'cover
every aspect' of the foreclosure process and are 'intended to be
exhaustive.'" Morgera, 2010 WL 160348, *7 (citing I.E. Associates v.
Safeco Title Ins. Co., 39 Cal. 3d. 281, 285 (1985) & Moeller v. Lien,
25 Cal. App. 4th 822, 834 (1994)); see also Castaneda v. Saxon Mortg.
Serv., Inc., -- F. Supp. 2d ---, 2009 WL 4640673, at *7 (E.D. Cal.
Dec. 3, 2009) (finding the California Commercial Code inapplicable to
non-judicial foreclosure because the "comprehensive statutory
framework . . . is intended to be exhaustive" (quotations and
citations omitted)).  Therefore, "Plaintiff[s'] reliance on Cal. Comm.
Code § 3301 is misplaced" and Plaintiffs' allegations under that

1  section are insufficient to state a wrongful foreclosure claim.

2  Morgera, 2010 WL 160348, at *7 (finding California Commercial Code

3  section 3301 inapplicable to non-judicial foreclosure proceedings).

4          Under California Civil Code section 2924(a)(1), a non-

5  judicial foreclosure may be initiated by a "trustee, mortgagee, or

6  beneficiary, or any of their authorized agents . . . ."  Cal. Civ.

7  Code § 2924(a)(1).  However, contrary to Plaintiffs' assertions, the

8  party initiating the foreclosure process need not be in possession of

9  the note.  See Quintero Family Trust v. Onewest Bank, F.S.B., No. 09-

10  CV-1516-IEG (WVG), 2010 WL 392312, at *6 (S.D. Cal. Jan. 27, 2009)

11  (stating that "under California law there is no requirement for

12  production of the original note to initiate nonjudicial foreclosure

13  proceedings"); Morgera, 2010 WL 160348, at *7 (finding that "[t]here

14  is no requirement that the party initiating non-judicial foreclosure

15  proceedings be in possession of the original note"); Champlaie, 2009

16  WL 3429622, at *14 (concluding that "neither possession of the

17  promissory note nor identification of the party in possession is a

18  pre-requisite to non-judicial foreclosure); Castaneda, 2009 WL

19  4640673, at *7 (finding that "[u]nder California law, there is no

20  requirement for the production of the original note to initiate a non-

21  judicial foreclosure").  Accordingly, Plaintiffs' allegation that MERS

22  was not in possession of the note does not state a wrongful

23  foreclosure claim.

24          Plaintiffs also base their wrongful foreclosure claim on a

25  violation of California Civil Code section 2923.5, alleging

26  "Defendants failed to properly record and give proper notice of the

27  Notice of Default."  (FAC 142.)  The FAC does not indicate whether

28  MERS failed to properly give notice, and simply makes a general

allegation against all defendants.  "This general allegation gives [MERS] insufficient notice of whether it has committed any conduct that violates section 2923.5, and [MERS] should not be forced to guess whether it is individually liable for this conduct." <u>Castenada</u>, 2009 WL 4640673, at *8; <u>see also</u> <u>Pok v. Am. Home Mortg. Serv., Inc.</u>, No. CIV 2:09-2385 WBS EFB, 2010 WL 476674, at *7 (E.D. Cal. Feb. 3, 2010) (finding that wrongful foreclosure premised on an allegation that defendants violated section 2923.5 was "just a reiteration of [P]laintiffs' argument that defendants 'must produce the note' to foreclose on their property.").

Plaintiffs' last allegation underlying their wrongful foreclosure claim alleges "Defendants" were required to suspend the foreclosure process due to Defendants' alleged receipt of TARP funds. However, even if MERS participate in the Making Homes Affordable Program ("MHAP"), "there is no express private right of action against TARP fund recipients." <u>Pantoja v. Countrywide Home Loans, Inc.</u>, 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009) (finding no express or implied right of action under TARP).  Moreover, this allegation is again made generally against all defendants.  Therefore, Plaintiffs' allegation that "Defendants" violated MHAP and TARP by refusing to suspend the foreclosure sale fails to state a wrongful foreclosure claim. Accordingly, Plaintiffs' wrongful foreclosure claim against MERS is dismissed.

### IV.   CONCLUSION

For the stated reasons, MERS's motion to dismiss is GRANTED. Plaintiffs are granted leave to amend any claim that has been dismissed, provided that the amended complaint is filed within
///

fourteen (14) days of the date on which this order is filed.

Dated:  April 7, 2010

GARLAND E. BURRELL, JR.
United States District Judge

14