IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK HUESTIS and DIANE HUESTIS,<br><br>        Plaintiffs,<br><br>    v.<br><br>INDYMAC FEDERAL BANK; HOME LOAN SERVICING; INDYMAC BANK, F.S.B.; QUALITY LOAN SERVICE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; ABSOLUTE LOANS, INC.; KEVIN DANIEL MCGILL,<br><br>        Defendants. | 2:09-cv-01739-GEB-DAD<br><br>ORDER |

On April 5, 2010, Plaintiffs filed a motion asking the Court to decline exercising supplemental jurisdiction over their case since they are "unable to obtain further supporting facts" in support of their Truth in Lending Act and Real Estate Settlement Procedures Act claims. Plaintiffs also request that the Court take judicial notice of an amended complaint they seek desire to become the operative complaint, which does not include a federal claim.

Plaintiffs request to dismiss their federal claims is granted. Therefore, federal question jurisdiction no longer exists and the Court may decide whether to continue to exercise supplemental jurisdiction over Plaintiffs' state law claims. See Acri v. Varian Assocs., Inc., 114 F.3d 999, 1000 (9th Cir. 1997) (en banc). Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise

supplemental jurisdiction over a [state] claim" if "the district court has dismissed all claims over which it has original jurisdiction . . . ."  "While discretion to decline . . . supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), it is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).  Acri, 114 F.3d at 1001.  "Since state courts have the primary responsibility to develop and apply state law, . . . the Gibbs values do not favor continued exercise of supplemental jurisdiction over [Plaintiffs'] state claims . . . ."  Anderson v. Countrywide Fin., No. 2:08-cv-01220-GEB-GGH, 2009 WL 3368444, at *5 (E.D. Cal. Oct. 19, 2009); see also Acri, 114 F.3d at 1001 (stating that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point towards declining to exercise jurisdiction over the remaining state-law claims" (quotations and citation omitted)).  Therefore, Plaintiff's state law claims are dismissed without prejudice under 28 U.S.C. § 1367(c)(3).

This case shall be closed.

Dated: April 9, 2010

_____
GARLAND E. BURRELL, JR.
United States District Judge